IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

HICHAM MESNAOUI,

    Plaintiff,

vs.                       No. CIV. S-10-1129 GEB GGH PS

BERGAUST CHRISTOPHER, et al.,

    Defendants.         ORDER
_____/

        Plaintiff, proceeding in this action pro se, has not paid the fee ordinarily required to file an action in this court, and has filed an incomplete application to proceed without prepayment of fees.  See 28 U.S.C. §§ 1914(a), 1915(a).  The section of the application seeking information concerning other income and an explanation of gifts or inheritances has not been completed by plaintiff.  Plaintiff will be provided the opportunity to submit either the appropriate affidavit in support of a request to proceed in forma pauperis or the appropriate filing fee.

        Even had plaintiff completed this court's form application to proceed in forma pauperis, and demonstrated a proper basis to proceed without prepayment of funds, this court would not permit the action to proceed upon the current complaint.

        A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

1

1  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,
2  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully
3  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th
4  Cir. 1989); Franklin, 745 F.2d at 1227.
5           A complaint must contain more than a "formulaic recitation of the elements of a
6  cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the
7  speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007).
8  "The pleading must contain something more...than...a statement of facts that merely creates a
9  suspicion [of] a legally cognizable right of action." Id., quoting 5 C. Wright & A. Miller, Federal
10 Practice and Procedure 1216, pp. 235-235 (3d ed. 2004).  "[A] complaint must contain sufficient
11 factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft
12 v. Iqbal, ___ U.S.___, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570, 127
13 S.Ct. 1955).  "A claim has facial plausibility when the plaintiff pleads factual content that allows
14 the court to draw the reasonable inference that the defendant is liable for the misconduct
15 alleged." Id.
16          Pro se pleadings are liberally construed.  See Haines v. Kerner, 404 U.S. 519,
17 520-21, 92 S. Ct. 594, 595-96 (1972); Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th
18 Cir. 1988).  Unless it is clear that no amendment can cure the defects of a complaint, a pro se
19 plaintiff proceeding in forma pauperis is entitled to notice and an opportunity to amend before
20 dismissal.  See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987); Franklin, 745 F.2d at 1230.
21          Federal district courts are courts of limited jurisdiction.  U.S. Const. Art. III, § 1
22 provides that the judicial power of the United States is vested in the Supreme Court, "and in such
23 inferior Courts as the Congress may from time to time ordain and establish."  Congress therefore
24 confers jurisdiction upon federal district courts, as limited by U.S. Const. Art. III, § 2.  See
25 Ankenbrandt v. Richards, 504 U.S. 689, 697-99, 112 S. Ct. 2206, 2212 (1992).  Since federal
26 courts are courts of limited jurisdiction, a case presumably lies outside the jurisdiction of the

federal courts unless proven otherwise.  Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 376-78, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391 (1994).  Lack of subject matter jurisdiction may be raised at any time by either party or by the court.  See Attorneys Trust v. Videotape Computer Products, Inc., 93 F.3d 593, 594-95 (9th Cir. 1996).

Fed. R. Civ. P. 8 sets forth general rules of pleading in the Federal Courts. Complaints are required to set a forth (1) the grounds upon which the court's jurisdiction rests, (2) a short and plain statement of the claim showing entitlement to relief; and (3) a demand for the relief plaintiff seeks.  Rule 8 requires "sufficient allegations to put defendants fairly on notice of the claims against them."  McKeever v. Block, 932 F.2d 795, 798 (9th Cir. 1991).   The complaint does not meet these requirements.

Plaintiff alleges only that two U.S. Consulate officials in Morocco committed fraud in issuing a passport with a falsified identification of his minor daughter, so that his wife could abduct her and transport her from Morocco to the United States.  There is no allegation of a basis for this court's jurisdiction.  Although the court may have personal jurisdiction over both defendant consulate employees if they are citizens of the United States and employed by the U.S. government; see U.S. for Use of Garcia v. McAninch, 435 F. Supp. 240, 244 (D.C. N.Y. 1977); plaintiff must allege the federal basis for the court's subject matter jurisdiction.  The complaint alleges only neglect, mismanagement, fraud in the falsification of identification with respect to a passport, conspiracy to kidnap, aiding and abetting a kidnaping, and "verbal assault," all state law claims, but makes no claim against defendants under the U.S. Constitution or federal laws.

Plaintiff does not, for example, state a claim under the Federal Tort Claims Act, 20 U.S.C. § 2675, against the United States government;[1] nor does he demonstrate entitlement to

---

[1] "Section 2675(a) establishes explicit prerequisites to the filing of suit against the Government in district court.  It admits of no exceptions. . . . We are not allowed to proceed in the absence of fulfillment of the conditions merely because dismissal would visit a harsh result upon the plaintiff."  Vacek v. United States Postal Service, 447 F.3d 1248, 1250 (9th Cir. 2006) (internal citations omitted).

3

a recognized <u>Bivens</u>-type remedy (<u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388, 91 S.Ct. 1999 (1971), authorizing a limited range of suits against federal officials for violation of an individual's federal constitutional rights).

Furthermore, the complaint's allegations are not sufficient to put defendants fairly on notice. See <u>Conley v. Gibson</u>, 355 U.S. 41, 47, 78 S. Ct. 99, 102, 2 L. Ed. 2d 80 (1957); <u>Richmond v. Nationwide Cassel L.P.</u>, 52 F.3d 640, 645 (7th Cir. 1995) (amended complaint with vague and scanty allegations fails to satisfy the notice requirement of Rule 8); 5 C. Wright & A. Miller, <u>Federal Practice and Procedure</u> § 1202 (2d ed. 1990). Plaintiff has also not made a demand for the relief he seeks.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See <u>Ellis v. Cassidy</u>, 625 F.2d 227 (9th Cir. 1980). Also, the complaint must allege in specific terms how each named defendant is involved. Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. See <u>Ivey v. Board of Regents</u>, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See <u>Loux v. Rhay</u>, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff shall submit, within twenty-one (21) days from the date of this order, either a completed application and affidavit in support of his request to proceed in forma

1  pauperis on the form provided by the Clerk of Court, or the appropriate filing fee; plaintiff's
2  failure to comply with this order will result in a recommendation that this action be dismissed.
3       2. The Clerk of the Court is directed to send plaintiff a new Application to
4  Proceed In Forma Pauperis.
5       3. The complaint is dismissed for the reasons discussed above, with leave to file
6  an amended complaint within twenty-eight (28) days from the date of service of this Order.
7  Failure to file an amended complaint will result in a recommendation that this action be
8  dismissed.
9  DATED: May 21, 2010

                   /s/ Gregory G. Hollows

                   _____
                   GREGORY G. HOLLOWS,
                   UNITED STATES MAGISTRATE JUDGE

GGH:076/Mesnaoui1129.amd.wpd