IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

HICHAM MESNAOUI,

    Plaintiff,

vs.                      No. CIV. S-10-1129 GEB GGH PS

BERGAUST CHRISTOPHER, et al.,

    Defendants.          <u>ORDER AND FINDINGS AND</u>

                                       <u>RECOMMENDATIONS</u>

_____/

        Plaintiff, proceeding in this action pro se, has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 72-302(21), pursuant to 28 U.S.C. § 636(b)(1).

        Plaintiff has now submitted an affidavit making the showing required by 28 U.S.C. § 1915(a)(1). Accordingly, the request to proceed in forma pauperis will be granted.

        Plaintiff was advised in this court's previous order of the defects in his complaint. Plaintiff has not cured those defects against the consular defendants with his amended complaint. Plaintiff has also added Maryam Abdrahman, his wife and mother of his allegedly kidnaped child, as a defendant in his amended complaint.

        A claim is legally frivolous when it lacks an arguable basis either in law or in fact. <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989); <u>Franklin v. Murphy</u>, 745 F.2d 1221, 1227-28

(9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007).  "The pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action."  Id., quoting 5 C. Wright & A. Miller, Federal Practice and Procedure 1216, pp. 235-235 (3d ed. 2004).  "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, ___ U.S.___, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570, 127 S.Ct. 1955).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id.

Pro se pleadings are liberally construed.  See Haines v. Kerner, 404 U.S. 519, 520-21, 92 S. Ct. 594, 595-96 (1972); Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1988).  Unless it is clear that no amendment can cure the defects of a complaint, a pro se plaintiff proceeding in forma pauperis is entitled to notice and an opportunity to amend before dismissal.  See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987); Franklin, 745 F.2d at 1230.

Plaintiff was previously informed of the defects in his complaint, which have not been cured in his amended complaint.  Federal district courts are courts of limited jurisdiction. U.S. Const. Art. III, § 1 provides that the judicial power of the United States is vested in the Supreme Court, "and in such inferior Courts as the Congress may from time to time ordain and establish."  Congress therefore confers jurisdiction upon federal district courts, as limited by U.S.

Const. Art. III, § 2.  See Ankenbrandt v. Richards, 504 U.S. 689, 697-99, 112 S. Ct. 2206, 2212 (1992).  Since federal courts are courts of limited jurisdiction, a case presumably lies outside the jurisdiction of the federal courts unless proven otherwise.  Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 376-78, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391 (1994).  Lack of subject matter jurisdiction may be raised at any time by either party or by the court.  See Attorneys Trust v. Videotape Computer Products, Inc., 93 F.3d 593, 594-95 (9th Cir. 1996).

Fed. R. Civ. P. 8 sets forth general rules of pleading in the Federal Courts. Complaints are required to set a forth (1) the grounds upon which the court's jurisdiction rests, (2) a short and plain statement of the claim showing entitlement to relief; and (3) a demand for the relief plaintiff seeks.  Rule 8 requires "sufficient allegations to put defendants fairly on notice of the claims against them."  McKeever v. Block, 932 F.2d 795, 798 (9th Cir. 1991).  The complaint does not meet the first two requirements.

Plaintiff alleges that two U.S. Consulate officials in Morocco committed fraud in issuing a passport with a falsified identification of his minor daughter, so that his wife could abduct her and transport her from Morocco to the United States.  There is no allegation of a basis for this court's jurisdiction.  Although the court may have personal jurisdiction over both defendant consulate employees if they are citizens of the United States and employed by the U.S. government; see U.S. for Use of Garcia v. McAninch, 435 F. Supp. 240, 244 (D.C. N.Y. 1977); plaintiff must allege the federal basis for the court's subject matter jurisdiction.  The complaint alleges only negligence, fraud in the falsification of identification with respect to a passport, conspiracy to kidnap, and "verbal assault," all state law claims, but makes no claim against defendants under the U.S. Constitution or federal laws.[1]

---

[1] The statutes cited by plaintiff do not provide for remedies in this instance.  18 U.S.C. § 956 does not provide for a private right of action, but only for criminal prosecution by the government.  See, e.g., Ellis v. City of San Diego, 176 F.3d 1183, 1189 (9th Cir.1999) (district court properly dismissed claims brought under the California Penal Code because the statutes do not create enforceable individual rights).  22 U.S.C. § 4807 only establishes a visa and passport security program in the Department of State.  28 U.S.C. § 137 addresses division of business

1         Plaintiff does not, for example, state a claim under the Federal Tort Claims Act, 20 U.S.C. § 2675, against the United States government;[2] nor does he demonstrate entitlement to a recognized Bivens-type remedy (Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388, 91 S.Ct. 1999 (1971), authorizing a limited range of suits against federal officials for violation of an individual's federal constitutional rights).  It is difficult to understand how plaintiff, a resident of Morocco at the time of the allege tortious acts of consular officials would be able to state claim under the Constitution of the United States.  Rasul v. Myers, 563 F.3d 527, 532 (n.5.) (D.D.C. 2009).

        Plaintiff makes no possible claim against the United States under the Alien Tort Statute, 28 U.S.C. § 1350, as the United States would be immune from suit.  See Goldstar (Panama) S.A. v. United States, 967 F.2d 965 (4th Cir. 1992).

        In regard to plaintiffs' wife who allegedly abducted their child, plaintiff claims that she used fraud to obtain a United States passport under a false name in order to take their child out of Morocco.  Plaintiff has not stated a federal basis for subject matter jurisdiction against this defendant.  The Hague Convention and the International Child Abduction Remedies Act ("ICARA") would normally grant jurisdiction to a federal court sitting where the child is physically located, in this case Carmichael.  (Compl., Attach.)  Nevertheless, ICARA can only be implemented where both involved countries are signatories.  42 U.S.C. § 11601(b)(1); Sullivan v. Sullivan, 2010 WL 227924 at *3 (D. Idaho Jan. 13, 2010).  Morocco is not a signatory to the Hague Convention.  Www.visaus.com/hague.html.  Therefore, this court has no jurisdiction.  Taveras v. Taveras, 397 F.Supp.2d 908, 910 (S.D. Ohio 2005) (when a child is taken from a non-

---

among district judges.

  [2] "Section 2675(a) establishes explicit prerequisites to the filing of suit against the Government in district court.  It admits of no exceptions. . . . We are not allowed to proceed in the absence of fulfillment of the conditions merely because dismissal would visit a harsh result upon the plaintiff." Vacek v. United States Postal Service, 447 F.3d 1248, 1250 (9th Cir. 2006) (internal citations omitted).   Moreover, claims arising in a foreign country are expressly excluded from an FTCA action.  28 U.S.C. § 2680 (k).

4

signatory country to a signatory country, there is no remedy under Hague Convention).

The court is not unsympathetic to plaintiff's plight; however, federal court is not the proper forum to obtain the relief he seeks.

Accordingly, IT IS HEREBY ORDERED that plaintiff's request for leave to proceed in forma pauperis is granted.

In accordance with the above, IT IS HEREBY RECOMMENDED that this action be dismissed for lack of subject matter jurisdiction.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within fourteen (14) days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: July 8, 2010

/s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE

GGH:076/Mesnaoui1129.fr.wpd